1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                          FOR THE DISTRICT OF ARIZONA

8

9   Henry Silva,                          )    No. CV-06-0065-PHX-EHC (JCG)
                                          )
10              Plaintiff,                )    **REPORT AND RECOMMENDATION**
                                          )
11  vs.                                   )
                                          )
12                                        )
    Joseph Arpaio,                        )
13                                        )
                Defendant.                )
14                                        )
                                          )
15

16       Plaintiff Henry Silva was confined in the Lower Buckeye Jail in Phoenix, Arizona, when

17  he filed with the Clerk of the Court on January 6, 2006, a *pro se* Civil Rights Complaint

18  (Doc. No. 1) pursuant to 42 U.S.C. § 1983.  Plaintiff has been authorized to proceed *In*

19  *Forma Pauperis,* and the Court has directed monthly payments to be made from his prison

20  account.

21       On July 6, 2006, the Court entered an order directing the Clerk of the Court to mail

22  a service packet to the Plaintiff, due for return to the Court on July 26, 2006  (Doc. No. 3).

23  The docket indicates that the Clerk of Court mailed the order and service packet accordingly.

24  On July 11, 2006, the mail was returned to the Clerk of the Court with notations indicating

25  "Unable to Forward"  (Doc. No. 5).   The docket indicates that the Clerk of the Court

26  researched Plaintiff's address to no avail.  Since then, Plaintiff has failed to file a Notice of

27  Change of Address, or in any way to notify the Court of his whereabouts.

28
                                        - 1 -

1          Rule 3.4(a) of the Local Rules of Civil Procedure (LRCiv) requires that an

2   incarcerated litigant comply with the instructions attached to the Court-approved Complaint

3   form. Those instructions state: "You must immediately notify the clerk . . . in writing of any

4   change in your mailing address. Failure to notify the court of any change in your mailing

5   address may result in the dismissal of your case." (Information and Instructions for a

6   Prisoner Filing Civil Rights Complaint at 2).

7          Also, in its Notice of Assignment the Court warned Plaintiff that "[f]ailure to comply

8   with the following rules will result in your document being STRUCK and/or your case being

9   DISMISSED" (Doc. No. 2). One of the rules listed was that "[y]ou must file a Notice of

10  Change of Address if your address changes." (*Id*.).

11         Plaintiff has the general duty to prosecute his case. *Fidelity Philadelphia Trust Co.*

12  *v. Pioche Mines Consolidated, Inc.*, 587 F.2d 27, 29 (9th Cir. 1978). In this regard, it is the

13  duty of a plaintiff who has filed a *pro se* action to keep the Court appraised of his or her

14  current address, and to comply with the Court's orders in a timely fashion. The Court does

15  not have an affirmative obligation to locate Plaintiff. "A party, not the district court, bears

16  the burden of keeping the court apprised of any changes in his mailing address." *Carey v.*

17  *King*, 856 F.2d 1439, 1441 (9th Cir. 1988). Plaintiff's failure to keep the Court informed of

18  his new address constitutes failure to prosecute.

19         In addition, Plaintiff has failed to return a completed service packet, to obtain waiver

20  of service or to complete service of the Summons and Complaint on Defendants in this case.

21  The order that was mailed to Plaintiff along with the service packet notified Plaintiff that

22  failure to comply with every provision of the order would result in dismissal pursuant to Rule

23  41(b) of the Federal Rules of Civil Procedure. (Doc. No. 3). The order contained provisions

24  that required Plaintiff to return the service packet within 20 days of the date of filing of the

25  order. Plaintiff was also notified that if he failed to comply with the order, the United States

26  Marshal would not provide service of process. Plaintiff was further notified within the order

27  that he must complete service of the Summons and Complaint on the Defendant within 120

28  days of the filing date of the complaint or within 60 days of the filing of the order, whichever

1  was later.  The order notified Plaintiff that failure to comply with either provision would

2  result in dismissal of his case.  More than 60 days have passed since the order was filed, and

3  to date service has not been completed.  Plaintiff's failure to complete service of the

4  Summons and Complaint on the Defendant within 120 days of the filing date of the

5  complaint or within 60 days of the filing of the order also constitutes failure to prosecute.

6    A federal district court has the inherent power to dismiss a case *sua sponte* for failure

7  to prosecute.  *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31 (1962).  In appropriate

8  circumstances, the Court may dismiss a complaint for failure to prosecute even without

9  notice or hearing.  *Id*. at 633. In determining whether Plaintiff's failure to prosecute warrants

10 dismissal of the case, the Court must weigh the following five factors: "(1) the public's

11 interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3)

12 the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on

13 their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439,

14 1440 (9th Cir. 1988) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

15 "The first two of these factors favor the imposition of sanctions in most cases, while the

16 fourth factor cuts against a default or dismissal sanction.  Thus the key factors are prejudice

17 and availability of lesser sanctions." *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir.

18 1990).

19   Here, the first, second, and third factors favor dismissal of this case.   Plaintiff's

20 failure to keep the Court informed of his address, actively participate in this case or serve

21 Defendant prevents the case from proceeding in the foreseeable future.  The fourth factor,

22 as always, weighs against dismissal.  The fifth factor requires the Court to consider whether

23 a less drastic alternative is available.

24   The Court finds that only one less drastic sanction is realistically available.  Rule

25 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the

26 merits "[u]nless the court in its order for dismissal otherwise specifies."  In the instant case,

27 a dismissal with prejudice would be unnecessarily harsh as the Complaint and this action can

28 be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil

1  Procedure.

2  **RECOMMENDATION**

3        Based on the foregoing and pursuant to 28 U.S.C. § 636(b) and Local Rule 1.17(d)(2),

4  Rules of Practice of the United States District Court, District of Arizona, the Magistrate

5  Judge recommends that Plaintiff's Complaint (Doc. No. 1) and this action be DISMISSED

6  WITHOUT PREJUDICE pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for

7  failure to prosecute.

8        Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within

9  10 days after being served with a copy of this Report and Recommendation.  If objections

10  are not timely filed, they may be deemed waived. The parties are advised that any objections

11  filed are to be identified with the following case number: CV-06-0065-PHX-EHC**.**

12        DATED this 26th day of September, 2006.

13

14

15

16

17

18                         Jennifer C. Guerin
                    United States Magistrate Judge

19

20

21

22

23

24

25

26

27

28

- 4 -